## Booth & Graham v. Small and Small.

25 177
82 534

25 177
84 401

25 177
93 305
98 504

1. Adverse possession: INGREDIENTS OF: RULES. The correctness of the following rules and principles relating to adverse possession recognized and declared:

    1. Possession to be adverse must be actual, continued, visible, and notorious, distinct and hostile, and commenced under claim or color of title.

    2. Actual residence upon or inclosure or cultivation of the land is not necessary to constitute adverse possession.

    3. An entry upon land under claim of right, and the exercise of such acts of ownership without interruption as clearly indicate an intention to assert ownership and possession, and a notorious

claim of title within the knowledge of plaintiff and those under whom he claims, constitutes adverse possession.

4. Acts done under claim or color of title, equivalent to actual possession, and which are as open and notorious, exclusive and hostile, will justify the finding of actual adverse possession if continued for the necessary length of time.

2. —— OF UNINCLOSED LAND. While the usual indication of possession of land is the fact of inclosure, yet, as this is not always practicable, possession may in fact exist of uninclosed land, by the exercise of such acts of ownership over it as are necessary to enjoy the ordinary use of which it is capable, and acquire the profits it yields in its present condition ; and such acts, if continued and uninterrupted, will amount to actual possession, and, if under color of title or claim of right, will be adverse. ·

3. New trial: CONFLICTING EVIDENCE. The action of the District Court in overruling a motion for a new trial, based on the ground that the verdict is against the evidence, will not be disturbed unless the finding is clearly against the weight of testimony.

4. Practice: ACTION OF RIGHT : WITHDRAWAL OF CLAIM. Where the defendant in an action for the recovery of real property relies upon the statute of limitations, and also sets up a claim for improvements made by him during his possession, he may, even after the evidence in support thereof has been introduced, withdraw such claim, and proceed with his other defenses.

*Appeal from Jackson District Court.*

THURSDAY, JUNE 25.

ACTION to recover a tract of land in Jackson county. The evidence of plaintiffs exhibits in them the paper title. Defendants claim to hold the land under the statute of limitation by adverse possession with color of title. Verdict and judgment for defendants. Plaintiffs appeal.

*Booth & Graham* and *W. E. Leffingwell* for the appellants.

*Grant & Smith* and *John Hillsinger* for the appellees.

BECK, J. — I. The main point of contest in this case is upon the correctness of a certain instruction to the jury.

**1. ADVERSE POSSESSION: ingredients of: rules.** It is not denied by plaintiffs that defendants, and those under whom they claim, had color of title to the land in controversy, and whatever possession of the land was held by them was under a claim of title. The issue presented by the defendants' plea of the statute of limitation raises, therefore, no question of law except this one, viz.: What is the nature and character of the *adverse possession* which is necessary to be shown in order to enable defendants to hold the land under the statute of limitation? The only instruction of the court below upon this question, which is excepted to by plaintiffs and now assigned for error, is as follows:

"While it is required that adverse possession shall commence under claim or color of title, and that such possession shall be actual, continued, visible and notorious, distinct and hostile, yet it is not necessary in every instance to prove actual residence upon the land, or an actual inclosure, in order to constitute an adverse possession. If a party make an entry upon land under a claim of right, supposing that he has a good title, even if his title should be worthless, and exercise such acts of ownership over the land as clearly evince an intention to assert an ownership and possession over the property; and if such acts of ownership indicate a notorious claim of title to the land, within the knowledge of the plaintiff, and those under whom he claims, and is without interruption or an adverse entry by plaintiff, or those under whom he claims, it will be sufficient; and so, any acts of the defendants, or those under whom they claim, which are equivalent to actual possession — which are as open and notorious, distinct, visible, exclusive and hostile, as actual possession would be, if commenced ten years or more previous to the institution of this suit, and continued up

to this time, under a claim or color of title, in good faith—would justify a jury in finding actual, adverse possession in the defendants."

The substance of this instruction stated briefly is this: 1. Possession to be adverse must be actual, continued, visible and notorious, distinct and hostile, and commenced under claim or color of title. 2. Actual residence upon or inclosure of the land is not necessary to constitute adverse possession. 3. An entry upon land under claim of right, and the exercise of such acts of ownership, without interruption or an adverse entry, as clearly indicate an intention to assert ownership and possession, and a notorious claim of title within the knowledge of plaintiff and those under whom he claims, is adverse possession. 4. Any act of defendants, or of those under whom they claim, under claim or color of title, equivalent to actual possession, which are as open and notorious, distinct, visible, exclusive and hostile, and continued during the time necessary to create a bar under the statute of limitation, will justify the finding of actual adverse possession in the defendants.

I. To the first proposition of the instruction plaintiffs' counsel do not in their argument object, but define adverse possession in the same words. This is certainly the correct definition of the term. *Hawk* v. *Senseman*, 6 Serg. & Rawl. 21; 2 Smith's Leading Cases (Am. notes), 491; 2 Washburn on Real Property, 500; *Jones* v. *Hockman*, 12 Iowa, 101.

II. It is held that actual residence upon, or inclosure or cultivation of, the land is not necessary to constitute adverse possession. *Elicott* v. *Pearl*, 10 Peters, 412; *Ewing* v. *Burnett*, 11 id. 41; *Langworthy* v. *Myers*, 4 Iowa, 18; *Morrison* v. *Kelly*, 22 Ill. 624.

III. The third proposition is unobjectionable. The qualification that the acts of ownership and claim of title

must be within the knowledge of plaintiffs, makes the rule quite as favorable to them as it will be found in any authority.

IV. The last proposition is a fair expression of the law. Acts of a defendant under claim of title, though they may not amount to *actual* possession of the land, yet, if they are equal thereto, and equivalent in the conditions necessary to make possession adverse, and are continued for sufficient time, are considered sufficient to authorize a finding of adverse possession.

Possession of land is the holding of and exclusive exercise of dominion over it. It is evident that this is not, and cannot be, uniform in every case, and that there may be degrees in the exclusiveness even of the exercise of ownership. The owner cannot occupy literally the whole tract,— he cannot have an actual *pedis possessio* of all, nor hold it in the grasp of his hands. His possession must be indicated by other acts. The usual one is that of inclosure. But this cannot always be done, yet he may hold the possession in fact of uninclosed land, by the exercise of such acts of ownership over it as are necessary to enjoy the ordinary use of which it is capable, and acquire the profits it yields in its present condition,— such acts, being continued and uninterrupted, will amount to actual possession, and, if under color of title, or claim of right, will be adverse. *Langworthy* v. *Myers et al.*, 4 Iowa, 18; *Ewing* v. *Burnett*, 11 Pet. 41; *Brooks* v. *Bruyn*, 24 Ill. 372; *Wall* v. *Nelson*, 3 Little, 398; *Williams* v. *Buchanan*, 1 Iredell's Law, 540; *Tredwell* v. *Reddick*, id. 56; *West* v. *Lamer*, 9 Humph. 762; *Byrmer* v. *Carter*, 4 Iredell's Law, 310; *Morrison* v. *Kelly*, 22 Ill. 624; *Ellicott* v. *Pearl*, 10 Pet. 413; *Dills* v. *Hubbow*, 21 Ill. 328.

The payment of taxes for a long period of time, in connection with other notorious facts indicative of ownership,

2. —— of uninclosed land.

may amount to an actual possession. Angel on Limitation, §§ 397, 400.

It will be readily seen, that, when the claim of adverse possession is set up, the one relying thereon is not required to show more exclusive possession — acts which more conclusively establish actual possession—than in any other case when the fact of possession is sought to be established. The evidence which will establish possession in such cases will support it when claimed to be adverse. The cases above cited are not all those wherein the question of adverse possession is considered; most of them discuss the question of simple possession; they are applicable, however, to the point under consideration. As we have seen, possession under color of title and claim of right, in good faith, is adverse. No questions growing out of the necessary ingredients, color of title and claim of right, are under discussion; the character of the possession, therefore, only need be considered.

In the light of these principles and authorities, the instruction complained of is a correct embodiment of the law.

V. It is claimed that the verdict of the jury is contrary to the instructions of the court, and is not supported

3. NEW TRIAL: conflicting evidence. by the evidence, and that the District Court erred in overruling a motion for a new trial based upon these grounds.

The question of possession in defendants, and whether it was supported by the evidence, was, of course, the peculiar province of the jury to determine. That question was, as we conceive, fairly submitted to them upon proper instructions. We are not prepared to say that the verdict was against the weight of evidence, and would not be repeated by another jury at another trial. It has been repeatedly held by this court, that a verdict will not be disturbed unless clearly against the weight of

evidence.   We think that 'the finding of the jury should not be interfered with.

VI.  Certain declarations and admissions of plaintiffs' grantor, tending to show his knowledge of defendant's title and claim of right to the land, were admitted in evidence against the objection of plaintiffs.   A motion to exclude it was also overruled.   It is urged that remote inference only exists that these admissions and declarations were made before the conveyance to plaintiffs, and that there is no evidence to show they were communicated to them.   A fair inference from the testimony is, that these declarations and admissions were made before the conveyance, and communicated to plaintiffs. Plaintiffs' grantor, O'Daniel, offered the land to several witnesses at a very low price; to one or two he offered to convey one-half or one-fourth of the land on condition that they would, at their own expense, prosecute a suit to recover it.   During their negotiations the declarations referred to, showing his knowledge of defendants' claim of title and right to the land, were made.   The witnesses testify that they refused to purchase, and declined to enter into the proposed arrangement to recover the land, and one of them states that he declined the offer and sent O'Daniel to the plaintiffs.   This evidence, uncontradicted and unexplained, certainly warranted the jury in presuming, that, at the time the declarations were made, O'Daniel had not conveyed the land to plaintiffs, and that being sent to them by one with whom he had held negotiations, he would communicate the same facts in his negotiations with them, which he had freely disclosed to others under like circumstances.   Such a conclusion might be justly drawn by the jury, especially when no attempt was made to avert it by explanations or denial.

VII.  Defendants made claim of payment for improvements, and during the progress of the trial after their evi-

4. PRACTICE: dence in support thereof had been given,
action of
right; with- withdrew the same. To this withdrawal
drawal of
claim. plaintiffs objected, on the ground that the
evidence having been given, the jury was thereby preju-
diced against them. We are unable to see that plaintiffs
were more prejudiced by the evidence, upon the claim
being withdrawn, than they would have been had the jury
been permitted to pass upon it. At all events, in case
they apprehended such result, they should have asked the
exclusion of the evidence from the consideration of the
jury, by a proper instruction or otherwise; having failed
to do this, they cannot now complain. That the defend-
ants had a right to withdraw their claim there can be no
doubt.

The foregoing are the only objections made by appel-
lants to the ruling of the court below. We are united
in the opinion that they are not well taken, and that the
judgment of the District Court must be

Affirmed.