CLEMENT *et al.* v. PERRY *et al.*

Adverse possession: ACTUAL POSSESSION. Where a person claiming land exercises acts of ownership over it, by the use of it for the purposes to which it is adapted, his possession will be regarded as actual and adverse. So held in respect to uninclosed timber land on which the person claiming to be the owner cut wood and timber for ordinary purposes during the period of his ownership.

*Appeal from Marion Circuit Court.*

THURSDAY, JULY 25.

THIS is an action for partition of real property. Francis Clement was formerly the owner of the property; his first wife was Prudence Clement, by whom he had several children, the plaintiff Benjamin being one of them, and the others are made defendants. · Francis and Prudence Clement were divorced in 1854, and certain real property was decreed to her in fee, as alimony. Afterward he married Charity Clement, with whom he lived for a time. He died in April, 1863, leaving his wife, Charity, surviving him. The plaintiff William M. Stone claims title to one-third, by conveyance from the widow, Charity Clement, on the 2d day of September, 1869. The defendant Charles Perry is made a defendant, as claiming some interest in the land adverse to plaintiff's.

All the defendants made default except Charles Perry; he filed an answer, alleging that he was the owner of the

land in controversy — the south-west quarter of the south-west quarter of section twenty, township seventy-four, range eighteen, west of the fifth principal meridian; that the said land was decreed to Prudence Clement, April 14, 1854, as alimony, in the divorce proceeding between her and her husband, Francis Clement, who was, prior to that time, the owner of it; that by the mistake of the clerk the decree was made to read, "the south-west quarter of the north-west quarter," instead of the true description as above; that said Prudence took possession of said land under said decree, and exercised acts of ownership over it up to September 23, 1867, when she sold and conveyed the same to James W. Clement, who, on the 8th day of October, 1868, sold and conveyed it to defendant Perry, each of whom took and held possession under their deeds: that such possession was adverse, etc., whereby he is owner, etc. Reply in denial. The cause was tried to the court without a jury. Facts were found, and judgment rendered thereon for the defendant Perry. Plaintiffs appeal.

*T. J. Anderson* and *Stone & Ayers* for the appellants.

*J. B. Atherton* and *Winslow & Wilson* for the appellees.

COLE, J. — The action of partition is an *ordinary* proceeding. Rev., § 4178. The trial of such cases, is properly, as was done in this, by the second method, to a jury, or to the court instead of a jury. The finding of the court, stands, on appeal, as the finding or verdict of a jury, and rightfully can only be set aside when it is manifestly and palpably against the evidence.

Remembering these propositions, let us state very briefly, some of the facts tending to support the finding and conclusion of the court. The plaintiff Benjamin Clement claims title as heir of Francis Clement, his father, who

was the former owner. The plaintiff William M. Stone claims title to one-third in fee, the dower of, by conveyance from, the widow, Charity Clement; his deed being subsequent in time, to the conveyance under which the defendant Perry claims title. The decree for alimony was as follows: "And it is further ordered by the court herein, and in the agreement of parties, that the defendant Prudence Clement have, as alimony from the plaintiff, the south-west quarter of the south-west quarter of section seventeen, and the west half of the north-west quarter of section twenty, and the south-west quarter of the *north*-west quarter of section twenty, township seventy-four, range eighteen west, containing one hundred and sixty acres of land."

It will be seen that the land described in the last-named tract, is a part of the land described in the tract immediately preceding it, being the south half of that eighty; so that there is included in all the lands described in the decree only one hundred and twenty acres, instead of one hundred and sixty; showing thereby that there must be a mistake in the decree, either in the description or in the quantity. Several witnesses testify that the husband, Francis Clement, frequently declared, after the divorce, that his former wife, Prudence, owned all of the hundred and sixty acres of land on the west side of the lane, that being the land in controversy and the hundred and twenty acres described in the decree. It is furthermore shown that the forty acres in controversy is timber land and uninclosed; that Prudence Clement, from the time of the decree up to her conveyance of it, used it for ordinary timber land purposes, cutting wood and timber thereon, and claimed to own it; that James W. Clement, after the conveyance to him also used it for the same purposes; and the defendant Perry so used it also, and each of them paid taxes on it regularly during the time they severally claimed to own it. And the plaintiff Benjamin Clement, being called as a witness by defendants, testified that he

always supposed Prudence Clement had the title to the forty in controversy, until he recently examined the records; that her possession of the land was known to the rest of the heirs, and he never heard any objection from any of them; that Prudence was never interrupted in her use of the land during the old man's life-time, nor by the other heirs after his death.

It is not necessary to state more of the evidence; for, while some of the testimony in behalf of plaintiffs may conflict more or less with that of the defendants, yet in view of the propositions first-above stated, and of the testimony herein set forth, it is very manifest that we could not properly interfere with the findings of fact by the court.

The rule of law is very well settled that where a person claiming land exercises acts of ownership of it, by the use of it for the purposes to which it is adapted, he is in such actual occupancy of it as will even bar an action after the lapse of the statutory time. Such possession is as actual as that by inclosure. *Booth & Graham* v. *Small & Small*, 25 Iowa, 177, and authorities cited on page 181.

Our concurrence with the judgment of the court below is not grounded alone on the statute of limitations, but upon the fact that the defendant was in possession of the land at the time the plaintiff Stone acquired his title, and that such possession operated as notice to the purchaser of the title under which the defendant claimed. That there was a mistake in the decree, and that the land in controversy was intended to be described in it, has been found by the court below, and this finding we cannot disturb. Prudence Clement was therefore the owner of the land; and by her conveyance, and that by her grantee, the defendant Perry became the owner. This title, however, was not of record, and no notice of it was imparted by the record to Stone, the purchaser. But, as we have seen, the possession by Perry was such as to impart notice to Stone of

his ownership, and this is sufficient. Hence the judgment was correct. The defendant is owner of the land by right, as well as by possession and lapse of time.

Affirmed.