Nolan v. Grant.

sideration unnecessary.   In refusing the instruction asked
we think the court erred.

REVERSED.

NOLAN v. GRANT ET AL.

51  519
98  305
51  519
119  235

1. **Notice:** POSSESSION: UNRECORDED DEED.   Where a party having an
unrecorded deed to real estate cut timber therefrom, drove off tres-
passers, employed parties living near to watch it and inform him if
others attempted to appropriate timber therefrom, and in various
other ways asserted his title thereto, he was *held* to be in possession,
and a subsequent purchaser was chargeable with notice of his title.

2. ———: ———.   Actual possession of a part of land is legal possession
of the whole tract covered by the title under which actual possession
is taken.

*Appeal from Palo Alto District Court.*

SATURDAY, JUNE 14.

ACTION in chancery to quiet the title of certain land in Palo
Alto county held by plaintiff.   There was a decree granting
the relief prayed for by plaintiff.   Defendants appeal.   The
facts of the case appear in the opinion.

*E. B. Soper* and *Harvey & Lehmann*, for appellants.

*T. W. Harrison* and *George E. Clark*, for appellee.

BECK, CH. J.—I.   Plaintiff claims title to the land under
an unrecorded deed, executed by John M. Stockdale, in 1861.
He avers that he has been in the possession of
the land since that date.   The defendants claim
title under a deed executed by Stockdale in 1866,
and recorded in a few days after the date of its execution.   They
deny that plaintiff has been in the possession of the land and
claim that they have held possession.   The controlling ques-
tion in the case involves the fact of possession.   If plaintiff

1. NOTICE:
possession:
unrecorded
deed.

held the possession of the land his unrecorded deed is good, against the subsequently recorded deed under which defendants claim.

The land in controversy—a quarter section—has never been inclosed. The Des Moines river runs through it. About twenty acres of the land is timber, the remainder of the tract "bottom" prairie. The plaintiff, from the date of his purchase, procured his wood from the land. He cut saw-logs from the trees standing upon it, and obtained timber therefrom for other uses. · It was known in the neighborhood as plaintiff's "timber lot." The evidence shows that other persons cut timber upon it, but it is shown that plaintiff drove off the trespassers, and on more than one occasion took the wood they had cut. He engaged the services of those who lived nearer to the land than himself to watch it, and advise him if others cut wood upon it. It appears that he was not successful in wholly preventing others from cutting wood thereon. But there is no evidence to show that any one except plaintiff ever cut wood thereon, under claim of right, prior to the time that Stockdale executed the deed under which defendants claim, and prior to the execution of the deed to defendants. And, indeed, there is no satisfactory evidence that any one ever took timber off of the land under authority of defendants or their grantors.

Prairie grass upon the land was cut, it appears, by persons living in the neighborhood, without restraint, whenever they selected the land for mowing. But it does not appear that this was done every year, or that all the prairie land was mowed at any time. It appears that the prairie grass was valueless, and it was the custom of the people in that county and neighborhood, at that time, to mow wherever they happened to find grass that was suitable for mowing.

II. Under prior decisions of this court the plaintiff must be regarded as having been in possession of the timber land, and defendants were, therefore, chargeable with notice of plaintiff's title, based upon his unrecorded deed. *Spitler v.*

*Scofield,* 43 Iowa, 571; *Clement v. Perry,* 34 Iowa, 564; *Colven v. McCune,* 39 Iowa, 502; *Booth & Graham v. Small and Small,* 25 Iowa, 177.

III.   Defendants insist that the case is not within the rule of these decisions for the reason that plaintiff did not pay taxes upon the land, and his possession was confined to the timbered part of the tract.   But payment of taxes is not evidence of possession.   It may be regarded as evidence of claim of title.   There is sufficient evidence of plaintiff's claim to the ownership of the land without proof that he paid taxes.

IV.   It does not appear that the timber is confined to any one "forty" of the land.   We are not authorized to infer that it is.   The land was conveyed to defendants and to $2. \frac{—:—}{}$ plaintiff as one tract, and so described.   All other conveyances of the land describe it in the same way.   It must be regarded as a single tract of land, being partly timbered.   The timbered part, as we have seen, was, at the time of the execution of the deeds under which defendants claim, and before and since, in the possession of the plaintiff, who entered under claim of title to the whole tract.   It is a well settled rule that the actual possession of a part of land is legal possession of the whole tract covered by the title under which the actual possession is taken.   2 Washburn's Real Property, pp. 36, 497; *Anderson v. Darley,* Nott. & McC., 369; *Eifort v. Reed,* Id., 374; *Bailey v. Carlton,* 12 N. H., 9; *Little v. Megguire,* 2 Me., 176; *Cluggage v. Duncan,* 1 Serg. & R., 111; *Williams v. Miller,* 7 Ind., 196; *Berryman v. Kelly,* 13 Ind., 269; *Langworthy v. Myers,* 4 Iowa, 18.

Plaintiff must be regarded as having been in possession of the land under his unrecorded deed, and this possession imparted notice to the world of plaintiff's title, which is, therefore, valid against the subsequent deed under which defendants claim.

VI.   In this view of the case it becomes unnecessary to consider whether the evidence shows that defendants are pur-

chasers of the land for value. Their rights would not be different should it be made so to appear.

The application of defendants for a new trial, on the ground that one of them was, from sickness, prevented from attending the trial, who would have testified that he had paid value for the land, and purchased without notice of plaintiff's title, was properly overruled for the reason that the testimony, if introduced, would have availed nothing in defendants' behalf.

The decree of the District Court is, in our opinion, correct. It is, therefore,

AFFIRMED.