WREDE v. CLOUD ET AL.

1. **Notice:** POSSESSION OF REAL ESTATE. Facts considered which were held to constitute possession of real estate, and under such circumstances as to be notice of the claim of title under which it was held. The case distinguished from *Rogers v. Hussey*, 36 Iowa, 664.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 2.

ACTION to foreclose a mortgage executed by the defendant Cloud to Fairall & Bonorden, to secure certain promissory notes which were sold and indorsed by Fairall & Bonorden, before maturity, to the plaintiff. The defendant Ann Hammersham is made a party as claiming title to the land paramount to the mortgage. The land was formerly owned by one Burns. While he owned it it was sold upon execution upon a judgment against him, and bought at execution sale by one Schwab. Before the expiration of the year of redemption Schwab sold and assigned the sheriff's certificate to Fairall & Bonorden, who at the expiration of the year obtained a sheriff's deed, and immediately sold and conveyed to the defendant Cloud, he executing for a part of the purchase money the notes sued on.

But before redemption expired Burns had sold and conveyed the land to the defendant Ann Hammersham, who attempted in good faith to redeem within the time allowed by statute, and failed only by reason of the irregular acts of Fairall & Bonorden, who held the sheriff's certificate and were interested to prevent a redemption. In an action by Mrs. Hammersham

against Fairall & Bonorden and Cloud, brought to enable her to redeem after the expiration of the year, she was granted the relief prayed. The case is reported in 44 Iowa, 462. Afterward she redeemed.

Wrede, the plaintiff in this action, was not made a party to that action, though he purchased the notes in suit prior to it. He claims to have purchased without notice, either of any defense to the notes, or any defect in Cloud's title to the land mortgaged. Mrs. Hammersham denies that he purchased without notice of defect in Cloud's title, and Cloud denies that he purchased without notice of his defense to the notes. Other facts are stated in the opinion. The court gave the plaintiff judgment for the amount of the notes against Cloud, but denied him the right to foreclose the mortgage against Mrs. Hammersham. The plaintiff and Cloud appeal.

*S. M. Finch* and *G. J. Boal*, for plaintiff.

*Remley & Swisher*, for Cloud.

*Clark & Haddock*, for Mrs. Hammersham.

ADAMS, J.—I. It is claimed by Mrs. Hammersham that at the time the plaintiff purchased the notes and mortgage she was in possession of the premises, and that from her possession the plaintiff had constructive notice of her rights. The plaintiff denies both of these propositions. The notes and mortgage were transferred to plaintiff on the 21st day of February, 1874. Afterward on the same day Mr. Bonorden, as agent of Cloud, took possession of the premises. No one was actually residing there at the time. Mrs. Hammersham had leased the premises the year previous, but the tenant had moved away about two months before, leaving about one hundred and fifty bushels of corn in the barn; and according to the testimony of one witness "he left Mrs. Hammersham in possession of the place and the corn." The only things calculated to indicate her possession were that she had a very little furniture in the house, and her husband (acting for her, as we may presume), had locked the doors of the house and

1. NOTICE: possession of real estate.

nailed up the windows and nailed up the barn. When Bonorden took possession for Cloud he found it necessary to break open the doors and put on new locks. It seems to us that Mrs. Hammersham was exercising such dominion over the property that Cloud was properly chargeable with notice of it, and if so that plaintiff was also properly chargeable with notice of it. Now when a person takes a mortgage upon a piece of property which he knows, or should know, that the mortgagor has no valid title to, he cannot be permitted to assert the mortgage against the property.

The plaintiff insists, however, that Mrs. Hammersham's possession, if conceded, did not have the effect to impart constructive notice because it was commenced under her deed from Burns, and apparently she was merely holding over after the title had accrued to Cloud, in pursuance of the foreclosure. In support of this position he cites *Colley v. Kenniston*, 4 N. H., 362; *Rogers v. Jones*, 8 N. H., 264; *Patten v. Moore*, 32 N. H., 385; *Matthews v. Demeritt*, 22 Me., 312; *Rogers v. Hussey*, 36 Iowa, 664.

The latter case it is claimed is decisive of the one at bar. But in our opinion none of the cases cited hold the doctrine contended for. Possession, where it has the effect to constitute constructive notice, does so because it is sufficient to put a subsequent purchaser upon inquiry. Now if there is a deed upon record running to the person in possession, and apparently sufficient to explain the fact of possession, then the possession may be referred to such deed, and a subsequent purchaser is not bound to look beyond it. In *Rogers v. Hussey*, above cited, the person in possession purchased the property and held for a time under a bond for a deed. Afterward he paid the full purchase money and acquired a deed, thereby uniting in himself both the legal and equitable title. But while he was holding possession under his mere equitable title a judgment was rendered against his vendor, and after the deed was executed and recorded the property was sold upon execution under the judgment. It was held that the purchaser at the execution sale was not affected with constructive notice of the rights of the person in possession, because

at the time of the execution sale the person in possession appeared to be holding under a deed; but the deed having been executed subsequent to the rendition of the judgment conveyed a title subject to the judgment.

Mrs. Hammersham could not be presumed to be holding under her deed, for her title by that deed had been apparently extinguished by the execution sale and sheriff's deed made pursuant thereto. But for her equitable right, undisclosed by the record, she should have vacated immediately upon the expiration of the year of redemption. The fact that she did not, but made it necessary for the purchaser to break open the house and forcibly take possession, should have suggested that she claimed the right to hold the property as against the sheriff's deed, as the fact was.

II. Cloud claims that the court erred in rendering judgment against him on the notes. He claims that the consideration of the notes failed, and that plaintiff had constructive knowledge of the fact, in the same way that he was adjudged to have constructive knowledge of the invalidity of the mortgage.

If it be true that the consideration of the notes failed, and the plaintiff knew that they were given for the purchase money, it may be that Cloud's position could be maintained. But Cloud purchased with knowledge of Mrs. Hammersham's claims, as was adjudged in the former action. He purchased subject to the contingency of her being allowed to redeem, and her being able to do so. He took a deed with covenants of warranty. He had possession for a time. He became entitled to the money paid by Mrs. Hammersham upon redemption, and must be presumed to have drawn it. In our opinion the consideration of the notes did not fail.

We see no error in the ruling of the District Court.

AFFIRMED.