NOLAN v. GRANT.

1. **Conveyance**: UNRECORDED DEED: EVIDENCE. An unrecorded deed is *prima facie* valid as an evidence of title, and its introduction in evidence casts upon one claiming title through a subsequent conveyance from the same grantor the burden of proving that he was a purchaser for a valuable consideration and without notice.

2. **Practice**: NEW TRIAL: SUFFICIENCY OF SHOWING. Facts considered which were held not to constitute sufficient grounds for the granting of a new trial.

### Appeal from Palo Alto District Court.

WEDNESDAY, APRIL 21.

ACTION to quiet title to a quarter-section of land. In 1861 the title to the land was in one Stockdale. In that year he executed a deed of the land to the plaintiff. Afterward he executed a deed of the land to one Hobbs, through whom the defendant claims title. Upon the trial the plaintiff introduced in evidence his deed from Stockdale, but the same did not appear to have been recorded. The defendant introduced in evidence Hobbs' deed from Stockdale, and also certain other deeds showing a chain of title from Hobbs to himself. The court rendered a decree for the plaintiff. The defendant appeals.

*Grant & Grant* and *Crawford & Soper*, for appellant.

*T. W. Harrison* and *Geo. E Clarke*, for appellee.

ADAMS, CH. J.—Section 1941 of the Code provides that "no instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration without notice, unless recorded in the office of the recorder of the county in which the land lies."

1. CONVEY-
ANCE: unre-
corded deed:
evidence..

As the plaintiff's deed was not recorded it is of no validity against the defendant, though a subsequent purchaser, if he or Hobbs, or either of the intermediate grantees, was a purchaser for a valuable consideration without notice. The plaintiff's deed had the effect in the first instance to pass the title. The question presented is as to whether it afterwards became void, or, what is the same thing in effect, whether under the statute and the proven circumstances of the case he is estopped from asserting it as against the defendant. The defendant claims that he is.

The introduction of the plaintiff's deed made a *prima facie* case for him. It became incumbent then upon the defendant to show facts sufficient to defeat the title thus acquired. *Boone v. Childs*, 10 Pet., 211. The defendant insists that this is not so, because the plaintiff assumed the burden of proof in respect to notice by averring that the defendant had notice. If we should concede that such averment by plaintiff would have the effect to shift the burden of proof in respect to notice, it would not, we think, shift the burden of proof in respect to the payment of a valuable consideration. Of such payment there was no evidence whatever. The deed to the defendant did, it is true, purport to be executed for a valuable consideration, but it was not evidence of the payment of a consideration as against the plaintiff. *Sillyman v. King*, 36 Iowa, 207. Upon the evidence, then, we think that the plaintiff was entitled to recover.

If there had been evidence of the payment of a consideration, it is possible that a court should presume, in the absence of any evidence to the contrary, that the purchase was made in good faith. In case of the death of the purchaser, we can conceive that a peculiar hardship might result if the persons claiming through him as heirs or devisees were required to show not only payment of a consideration, but also that the purchase was made without notice. But no question of the kind arises in this case.

The defendant moved for a new trial upon the ground of

his absence from the trial.   He shows by his affidavit that he

**2. PRACTICE:**
**new trial:**
**sufficiency of**
**showing.**

was sick and unable to be present, and that if he had been present he could and should have testified that he paid a valuable consideration, as the fact was.   The trial occurred on the 27th day of October, 1877.   The affidavit of the defendant shows that on the 14th day of October he was taken sick in the city of Washington. It does not show that he was unable to make an application for a continuance, nor does it show that his sickness was of such a character that he had reason to expect to be present at the trial until it was too late to make an application for a continuance.   It does not appear that he informed his local counsel of his sickness, but on the other hand it appears that they expected him to be present until the case was called for trial, and that when it was called they were destitute of all information upon which an application for continuance or even temporary postponement could be based.

It is possible that the defendant forgot that the trial was impending, and it is possible that his sickness was such that he was excusable in forgetting it, although it might not have been such as to prevent him from making an application for a continuance if it had occurred to him that it was necessary. But a litigant cannot be allowed to resolve to take the chances of a trial with the design of moving for a new trial if the result should be adverse.   While the defendant in this case may not have formed such resolution, there is nothing in his affidavit which precludes the idea that he did.

It is further objected by the plaintiff that the defendant's answer contains no averment under which the evidence of payment by him would, if offered, have been admissible. This position too, we think, is well taken.   We think the court did not err in overruling the motion for a new trial.

This case is before us upon rehearing.*   An opinion was filed reaching an affirmance upon a different ground, which

---

* The former opinion filed in the case was inadvertently published.   See 51 Iowa, 519.—REPORTER.

obviated the necessity of determining the questions above considered. Upon the rehearing some of the members of the court came to doubt whether the ground upon which the affirmance was based was tenable. Whether it is so or not we need not determine, as in any event it appears to us that the judgment must be

AFFIRMED.