## FOREY v. BIGELOW ET AL.

1. **Tax Deed:** POSSESSION: STATUTE OF LIMITATIONS. The cutting of timber and hay from a tract of land by the owner of the patent title, under a claim of exclusive right, constitute such acts of possession as will support a plea of the statute of limitations to an action on a tax deed, executed more than five years prior to the commencement of the action.

2. ———: RECOVERY OF TAXES PAID: SUBSEQUENT PURCHASER. The holder of a tax deed which fails cannot recover the amount of taxes paid on the property from one who purchased the land subsequent to such payment and without a knowledge thereof.

*Appeal from Chickasaw Circuit Court.*

THURSDAY, JUNE 16.

THIS is an action in equity, the object of which is to quiet the title to eighty acres of land, and in case a decree is not rendered quieting the title, plaintiff seeks to recover of defendant certain taxes which he alleges he paid upon the land, and to make said taxes a lien thereon. The plaintiff claims to be the owner of the land by virtue of a tax sale and deed.

The defendant alleges the possession of said land in himself, and his grantors, for more than five years prior to the

bringing of the action, and pleads the statute of limitations. He also claims that he purchased the land without any knowledge of plaintiff's claim to said taxes, and pleaded the statute of limitations as to taxes paid more than five years prior to the commencement of the action. In addition to the other allegations of the answer, there was a general denial as to the payment of taxes by the plaintiff. The cause was tried to the court, and a decree was entered for the defendant. Plaintiff appeals.

*Powers & Kenyon,* for appellant.

*Gurney & Boylan,* for appellee.

ROTHROCK, J.—I. The tax deed under which the plaintiff claims title was executed and delivered to the plaintiff on the

1. TAX DEED: possession: statute of limitations.

14th day of December, 1869. This action was commenced December 3, 1879. The land was entered by Benjamin Palmer, in 1855. In July, 1856, Palmer quitclaimed the land to H. C. Kimball, which quitclaim was not recorded until September, 1876. The defendant claims title under said Kimball, by several intermediate conveyances; that to defendant having been made by one Hoyt, by special warranty deed, dated in April, 1879.

The land in controversy has never been inclosed. Between thirty and forty acres of it was timber, and the balance was slough. It appears from the testimony of said H. C. Kimball, who was the only witness examined upon the trial, that from the date of the conveyance to him (1856) until he conveyed to one Cady, in 1876, he exercised exclusive ownership over the land. He further testified as follows: "During the time I claimed the right, and exercised it, to cut the timber on said land to the exclusion of others, and the same was true as to the grass on said premises, and that I did, from year to year, cut for my own use and for sale, and sold to others the right to cut timber from said land until the whole was cut off. I also sold the right to others to cut grass from

the slough land, and defendant, A. E. Bigelow, has been in possession since his purchase."

It can hardly be claimed that, according to this evidence, Kimball was not in the actual, open and exclusive possession of the land. It presents a strong case of such actual possession and use as the land was adapted to, it being open and uninclosed. That such possession is as effectual, where rights depend upon possession, as an actual inclosure of the land, see *Booth & Graham v. Small*, 25 Iowa, 177; *Clement v. Perry*, 34 Id., 564.

The defendant and those under whom he claims having been in the actual possession of the land from the date of the tax deed, in 1869, up to the commencement of the suit, a period of about ten years, the plaintiff's right to the land is barred by the statute of limitations. *Brown & Sully v. Painter*, 38 Iowa, 456; *Peck v. Sexton & Son*, 41 Id., 566; and other cases since determined by this court.

II. It is claimed that if plaintiff is not entitled to a decree quieting the title to the land in him, that he is entitled to be reimbursed for the taxes on the land which were paid by him. We have frequently held that a recovery for taxes paid upon land is barred in five years. The evidence in this case shows that within five years next preceding the commencement of the action, the plaintiff paid taxes but for one year, and such payment was made on July 9, 1875. It appears that the taxes for the years 1875, 1876, and 1877 were paid by one Wingert, who was at that time the owner of the tax title by a conveyance from the plaintiff. Wingert afterward reconveyed the land to the plaintiff, but there is no evidence whatever that he assigned the claim to be reimbursed for taxes paid by him. But suppose it should be held that the re-conveyance operated as an assignment of this claim to the plaintiff, the plaintiff would probably be entitled to recover for this tax and that paid by him in 1875, under the rule announced in *Sexton v. Henderson*, 45 Iowa, 160, if the party who held the patent title when

2. ———: recovery of taxes paid: subsequent purchaser.

the taxes were paid was still the owner of the land. But the evidence in this case shows that the defendant, Bigelow, purchased the land and received a special warranty deed from one Hoyt on the 16th day of April, 1879, and there is no evidence whatever that he had any notice that there was any lien in favor of any one upon the land for taxes paid.

Surely, the public records showed no such lien, and if we were to hold that a purchaser of real estate must search the tax books, and stubs of tax receipts, to ascertain if some third person had paid taxes for which there might possibly be a lien, we would be going farther than any case which has come under our observation, and impose a burden on purchasers of real estate which is not warranted by the registry laws, nor by any equitable considerations. In our opinion, the decree of the Circuit Court should be

AFFIRMED.