POPE ET AL. V. CHENEY, DEFENDANT, AND PORTER, INTER-
VENOR.

1. **Possession of Personal Property**: WHAT NECESSARY TO: RULE
   STATED AND APPLIED TO CRIBS OF CORN. When the owner of per-
   sonal property exercises the control of it in the manner and to the extent
   usual in cases of property of like character, and holds possession over
   it to the extent to which it is capable of being possessed, according to
   the ordinary manner of using and handling such things, it is to be
   regarded as being in his legal possession. And so, where certain corn
   in cribs, held for shipment, was orally sold by the defendant to the
   intervenor. and the parties thereupon went to the cribs, and the defend-
   ant then and there formally delivered possession to the intervenor, who
   then nailed up the openings in the cribs, *held* that the legal possession
   of the corn thereby effectually passed from defendant to intervenor,
   even as against subsequently attaching creditors of defendant.

2. **Evidence**: SALE OF CHATTELS: BILL OF SALE SUPERSEDED BY ORAL
   CONTRACT. Where a bill of sale for the chattels in question was super-
   seded by a subsequent oral sale and delivery, and the oral sale was alone
   relied on, evidence thereof was properly admitted, notwithstanding the
   written bill of sale; for that was not in the case.

3. **Consideration**: FOR SALE OF CHATTELS. A sale and delivery of corn
   by defendant to intervenor, upon the agreement of intervenor to pay
   the price thereof in satisfaction *pro tanto* of a note made by defendant
   as principal and intervenor as surety, *held* to be founded upon a good
   and valid consideration.

*Appeal from Polk Circuit Court.*

WEDNESDAY, APRIL 21.

PLAINTIFFS, in an action attachment against Cheney, caused
a large quantity of corn in cribs to be levied upon by the
writ of attachment issued in the case. Porter intervened,
claiming to own the attached corn. A judgment was entered
against defendant in favor of plaintiffs and against plaintiffs
in favor of the intervenor. Plaintiffs appeal from the judg-
ment against them in the proceedings of intervention.

*Wright, Cummins & Wright,* for appellant.

*Goode & Phillips* and *C. P. Holmes,* for appellee.

BECK, J.—I. The intervenor claims property in the corn under an oral sale and delivery by defendant before the levy of the attachment. The decisive question in the case involves the sufficiency of the sale and delivery to pass the property in the corn as against the attaching creditors. The evidence shows, without dispute, that the intervenor, being bound as an indorser or joint maker of several promissory notes executed by defendants, purchased the corn of defendants, payment therefor being made by the application of the amount of the price upon these notes. The defendant executed a bill of sale to the intervenor for the corn, but for some reason it was not satisfactory. Thereupon an oral sale was made, and the parties went to the cribs, where the defendant formally delivered possession thereof to the intervenor, who proceeded to nail up openings in the cribs. · There was no conflict of evidence as to these facts, and thereon the circuit court instructed the jury that the intervenor became fully vested with the ownership and possession of the corn, and directed them to return a verdict for the intervenor.

*1. POSSESSION of personal property: what necessary to: rule stated and applied to cribs of corn.*

II. We are required to determine whether, upon the facts established, there was such a change of possession of the corn as would pass the property therein against existing creditors, without notice, in the absence of a written conveyance of the corn, as required by Code, § 1923. The question of possession of property in any case must, of necessity, depend upon its peculiar facts. It is obvious that all articles of personal property cannot be subject to the dominion and control of the owner in the same manner and to the same extent. Those articles of great bulk, or to some extent immovable in their nature, cannot be held in possession and under control like smaller things which may be readily moved, or over which their owner may have the power to exercise absolute personal possession,—*manu tenere*. It is obvious that the possession of those things of great bulk, which are usually not moved until wanted for use,

*THE SAME.*

and over which the owners cannot, or ordinarily do not, exercise constant personal supervision and control, is not to be determined by the fact of the manual holding and personal presence and control of the owner which would be required in cases of less bulky things, more readily moved, which are usually subject to personal control of the owner or his agents. It would seem that possession of articles of personal property is to be determined by this rule: When the owner exercises the control of a thing in the manner and to the extent usual in cases of property of like character, and holds possession over it to the extent to which it is capable of being possessed, according to the ordinary manner of using and handling such things, it is to be regarded as in his legal possession. An analogous rule has been applied by this court to the determination of the question of the possession of real estate. See *Booth v. Small*, 25 Iowa, 177.

Applying this rule to the case before us, we are led to conclude that the intervenor was in the possession of the corn when it was seized by the sheriff. It is not usual for the owner of a large crib of corn, awaiting a price which will justify its shipment to market, to exercise any different control over it, or to indicate his possession thereof by different acts than by those done by the intervenor. He publicly proclaimed his ownership, and did what he esteemed necessary for the preservation of the property. It is to be presumed that inquiry at the place where the corn was cribbed would have revealed his ownership. At all events, he could have taken possession in no different manner, and could have exercised ownership in no different way, than that pursued by him. He was, in contemplation of the law, in possession of the property. The decisions of this court, cited by plaintiffs' counsel to support his position that the intervenor was not in possession of the corn, differ wholly in their facts from the case at bar. In none of them was there a change, or attempt to change, the custody and control of the property. In each case the property was "left with the seller, whose

relations to it continued unchanged, so far as the world could know, by the acts of the parties." In this case, the seller ceased to control the corn, and the intervenor exercised whatever care or control over it was demanded by its condition. The following are the cases cited by plaintiffs' counsel: *Boothby v. Brown*, 40 Iowa, 104; *Sutton v. Ballou*, 46 Id., 517; *McKay v. Clapp*, 47 Id., 418; *Smith v. Champney*, 50 Id., 174; *Hickok v. Buell*, 51 Id., 655; *Nuckolls v. Pence*, 52 Id., 581.

III. Witnesses for the intervenor testified that defendant executed a bill of sale to the intervenor, which, however, was not satisfactory, and the oral sale was then made.

2. EVIDENCE: sale of chattels: bill of sale superseded by oral contract.

Subsequently, three or four days after the delivery of the corn upon the oral sale, which was on the day of the levy of the attachment, the bill of sale was recorded. It very clearly appears that the sale relied upon was the oral sale, and that the intervenor did not rely upon the bill of sale, for he did not offer it in evidence. The plaintiff objected to the evidence on the ground that the bill of sale was the best evidence of the agreement of the parties, which could not be established by proof of the parol agreement. The objection was rightly overruled. We have shown, by the statement of the facts, that the contract of sale was oral, and that the bill of sale did not present the contract relied upon by the intervenor.

IV. It is next insisted that the evidence fails to show a consideration for the sale. The intervenor bought the property, agreeing to pay for it by applying the proceeds upon certain notes. This sale was consummated by the delivery of the property. Now,

3. CONSIDERATION: for sale of chattels.

surely, the seller of the property, who directs or agrees to the payment of the purchase money to another person, or upon any paper of the seller or of another, after the consummation of the contract of sale, cannot claim that the sale was without consideration. The purchaser's agreement to pay the price in the manner agreed upon is the consideration

of the sale. If the seller cannot deny the consideration, no other person can.

The foregoing consideration disposes of all questions in the case.

AFFIRMED.