PHELAN *v.* BRADY *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. MORTGAGES — ADVERSE POSSESSION OF PREMISES — NOTICE OF PRIOR UNRECORDED DEED.

Possession by the owner of a tenement house, who was herself one of the tenants, and who upon purchase, removed to the rooms formerly occupied by the house-keeper of the former owner, and was known as owner, and collected the rent from all the tenants, is sufficiently open and visible to be notice of her ownership, so as to defeat a mortgage taken before her deed is recorded, and without knowledge of it.[1]

2. SAME — POSSESSION OF TENEMENT HOUSE UNDER PRIOR UNRECORDED DEED—POST-ING NAME OF OWNER.

In an action to foreclose a mortgage, defendant claimed the mortgaged premises as owner in actual, visible, and exclusive possession, under a prior deed, unrecorded when the mortgage was given. The property was a tenement house occupied by many persons. *Held,* that defendant, to make her possession sufficiently open and visible to defeat plaintiff's mortgage, need not post her name and address on the door, as owner, as is required in regard to tenement houses by the consolidation act relating to the health department. Laws 1882 c. 410.

Appeal from special term, New York county; PATERSON, Justice.

Action by James J. Phelan to foreclose a mortgage made by John E. Mur-phy, July 23, 1886, and recorded the next day. It is defended by Margaret Brady, impleaded, who avers that she is the owner of the mortgaged prem-ises, and that at the time Murphy gave the mortgage to the plaintiff she was in actual possession as owner; that she purchased the premises in May, 1886; and she contends that her possession under an unrecorded deed was such no-tice as to put the plaintiff upon inquiry as to her title; and that had he made such inquiry he would have discovered her superior right; and therefore she insists that the plaintiff's mortgage cannot be recognized or enforced in this action. Prior to May 1, 1886, the mortgaged premises belonged to Mrs. Trimble. Mrs. Brady or her husband was a tenant, keeping a shop and liv-ing in some rooms in the rear on the ground floor of the house, the building being an apartment house. Sometime before May 1, 1886, Mrs. Brady, desir-ing to purchase the premises, employed Michael J. Murphy, as her attorney, to transact the business for her. She intended to buy, and supposed she was buying, from Mrs. Trimble. On the 7th of May, 1886, a deed was acknowl-edged by Mrs. Trimble conveying the premises to John E. Murphy, a son of Michael J. Murphy; and it is shown in the proof that the latter stated to Mrs. Brady that there were reasons why she should not take a conveyance directly from Mrs. Trimble, and that it would be better for her to have the title come through John E. Murphy. Michael J. Murphy, after being employed by Mrs. Brady, and upon receiving from her $6,700 in money, actually procured the deed from Mrs. Trimble conveying the property to his son. A deed was made

[1] See note at end of case.

out from John E. Murphy to Mrs. Brady, dated and acknowledged May 5, 1886, or two days before Mrs. Trimble's deed to John was acknowledged and delivered. Michael J. Murphy having the conveyance from John in his possession declared to Mrs. Brady that he would take it to be recorded, but he did not do so, and it was not recorded till August 26, 1886. This declaration was made to Mrs. Brady early in May, although Mrs. Brady did not actually, as she says upon her cross-examination, see the particuluar deed until August. In the mean time, and early in May, Mrs. Brady having, as she believed, contracted to purchase from Mrs. Trimble, moved her lodgings from the rooms in the rear of the shop to rooms on the second story of the apartment house, which rooms had been occupied by Mrs. Trimble's housekeeper. That housekeeper, who had had charge of the building for Mrs. Trimble, vacated the premises, and Mrs. Brady, as owner of the property, collected the rents for that month of May, and also for the months of June and July, 1886, and she assumed the full control of the premises. Mrs. Brady is an ignorant person, scarcely able to read. She placed great confidence in Michael J. Murphy, and it is obvious, on the whole testimony, that he was her agent and attorney, for all the purposes of the transaction, to conduct the negotiations, and complete the business for her, as well as her attorney to examine the title. In July, 1886, application was made to the plaintiff, by a broker, for a loan to be made upon the premises to John E. Murphy. The plaintiff caused the title to be examined, and the attorney he employed not only put in official searches, but made a personal examination of the records, and found that the legal title stood in the name of John E. Murphy. Everything appears to have been done by the attorney for the plaintiff that could be required of him, so far as searching the records is concerned; and the result of his examination was that the plaintiff made the loan, and took John E. Murphy's bond secured by the mortgage first above mentioned. But before making the loan the plaintiff went upon the premises, as he testifies, with a view of looking at them, to ascertain the value of the security. It is admitted that the premises were subject, or would be subject, to a first mortgage for $16,000. Judgment was for defendants, dismissing the complaint upon the merits, and plaintiff appeals.

Argued before Van Brunt, P. J., and Bartlett and Macomber, JJ.

*N. B. Hoxie*, for appellant. *Wyatt & Trimble*, for respondent.

Bartlett, J. This action was brought to foreclose a mortgage made by one John E. Murphy to the plaintiff. It was successfully defended by Mrs. Margaret Brady, as the owner of the mortgaged premises, in actual, visible, and exclusive possession thereof, under a prior unrecorded deed from the said John E. Murphy, at the time the mortgage in suit was given. Although the case is a hard one for the appellant, the result reached at the special term seems to have been right, and the reasons assigned by the learned trial judge for his conclusions appear to us quite sufficient. There is only one matter in regard to which we deem it necessary to add anything to what he has said, and that is in reference to a point not made in the court below, but suggested for the first time on the argument of this appeal. The mortgaged property was an apartment house occupied by many tenants. At the time of the transactions in controversy, section 657 of the New York city consolidation act (Laws 1882, c. 410) contained the following provision: "Every tenement or lodging house shall have legibly posted or painted on the wall or door in the entry, or some public accessible place, the name and address of the owner or owners, and of the agent or agents, of any one having charge of the renting and collecting of the rents of the same; and service of any papers required by this title, or by any proceedings to enforce any of its provisions, or of the acts relating to the board of health, shall be sufficient if made upon the person or persons so designated as owner or owners, agent or agents." The learned counsel for the appellant, as we understand his brief, thinks that, in order to

make Mrs. Brady's possession sufficiently open and visible to defeat the plaintiff's claim, it was essential for her to post her name and address on the premises, as prescribed in this section. We cannot concur in this view. Evidence as to the presence or absence of the required notice would have been proper and material, although none appears to have been given; but its absence, even if proved, would not be conclusive against the owner in such a case as this. The statutory provision relied upon is contained in the chapter of the consolidation act relating to the department of health, and in the title thereof relating to tenement and lodging houses. Its purpose, and manifestly its only purpose, was to facilitate the board of health in the proper administration of its duties; and it would be giving to the section an effect which the legislature neither intended nor contemplated to hold that the open and visible possession of tenement house property in the city of New York could not be established without proving that his name was publicly posted on the premises. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and MACOMBER, J., concur.

NOTE.

VENDOR AND VENDEE—NOTICE OF EQUITIES IN REAL ESTATE—POSSESSION. Actual, open, and notorious possession of land is notice to all the world of the rights of the occupant. Bergeron v. Richordott, (Wis.) 12 N. W. Rep. 384; Seager v. Cooley, (Mich.) 5 N. W. Rep. 1058; Story v. Black, (Mont.) 1 Pac. Rep. 1; Railroad Co. v. Boyd, (Ill.) 7 N. E. Rep. 487; Peasley v. McFadden, (Cal.) 10 Pac. Rep. 179; Carleton College v. Curren, (Minn.) 2 N. W Rep. 688. The rule applies where a grantor continues to hold possession after delivery of the deed. Hansen v. Berthelson, (Neb.) 27 N. W. Rep. 423. The possession must be actual, open, exclusive, notorious, and visible. Taylor v. Railroad Co., (Cal.) 8 Pac. Rep. 436. But in order to constitute constructive notice, possession need not be by actual residence on the land. But where there is no actual *pedis possessio*, dominion must be manifested by such open and notorious acts of ownership as will naturally be observed by others, and the acts must indicate ownership so certainly and definitely that they will not be liable to be misunderstood. Hodge's Ex'rs v. Amerman, (N. J.) 2 Atl. Rep. 257. Actual possession entitles the occupant to the same rights which he would acquire by the recording of the deed, under which he claims. Higgins v. White, (Ill.) 8 N. E. Rep. 808; Banner v. Ward, 21 Fed. Rep. 820; Nolan v. Grant, (Iowa,) 1 N. W. Rep. 709. Possession by husband and wife will impart notice of the equities of the wife in the real estate as against all except those claiming under the husband. Trust Co. v. King, (Iowa,) 12 N. W. Rep. 595. The possession of a tenant is sufficient for the purpose of giving notice to the world of the landlord's title. Deetjen v. Richter, (Kan.) 6 Pac. Rep. 595; U. S. v. Sliney, 21 Fed. Rep. 894; Conlee v. McDowell, (Neb.) 18 N. W. Rep. 60. But, to constitute notice, the possession of the tenant must commence after his lessor has acquired title. Burt v. Baldwin, (Neb.) 1 N. W. Rep. 457.

Where the owner of a tract of land conveyed a portion of it by a deed, which was recorded, and gave a contract to the vendee to convey the remaining portion, and the vendee entered into possession of the entire tract, held that the occupancy of the latter was constructive notice of his equitable interest in that portion of the land contracted to be conveyed, notwithstanding the fact of the recorded deed which might have served to explain his occupancy, to third parties as being merely that of a tenant in common. Weisgerber v. Wisner, (Mich.) 21 N. W. Rep. 331. But see Wrede v. Cloud, (Iowa,) 3 N. W. Rep. 400, where it is held that if there is a deed upon record running to the person in possession, and apparently sufficient to explain the fact of occupancy, then the possession may be referred to such deed, and a subsequent purchaser is not bound to look beyond it.

Where one enters upon a piece of land under color of title or claim of title to the entire tract, possession of a part is sufficient notice that he claims the whole. Gale v. Shillock, (Dak.) 29 N. W. Rep. 661; Watters v. Connelly, (Iowa,) 13 N. W. Rep. 82.

As to how far possession of land is notice of the rights of the occupant, see, also, Hafter v. Strange, (Miss.) 3 South. Rep. 190; Stiffler v. Retzlaff, (Pa.) 11 Atl. Rep. 876; Sanford v. Weeks, (Kan.) 16 Pac. Rep. 465; Sprague v. Haight, (Iowa,) 6 N. W. Rep. 693; Roll v. Rea, (N. J.) 12 Atl. Rep. 905; Buck v. Holt, (Iowa,) 37 N. W. Rep. 377; Clendenning v. Bell, (Tex.) 8 S. W. Rep. 324.