WILLIAM E. MERRILL, Appellant, v. T. H. TOBIN *et al.*, Appellants.

THE SAME v. JOHN H. MULRONEY *et al.*, Appellants.

1. **Estoppel:** FORMER ADJUDICATION : QUESTIONS NOT IN ISSUE.   In an action to quiet his title to certain lands against the claims of the defendants in adverse possession, the plaintiff pleaded in his petition by way of estoppel, that, believing himself to be the owner of the land, he had paid the taxes on the same for a long series of years with the knowledge of the defendants, and without objection on their part.   The superior title to the land being adjudged to be in the defendants, and the plaintiff having commenced this action to recover of the defendants the amount of the taxes paid as aforesaid, *held*, that the claim for taxes was not put in issue in the former action by the plea above indicated, nor was it a question which was incident to the demand made in the former action, and which might have been litigated therein, and the plaintiff was not, therefore, estopped by the decree in the former case from maintaining this action.

2. **Taxes:** PAYMENT OF ON LAND OF ANOTHER : RECOVERY.   The plaintiff entered certain lands through an agent, upon county land warrants, and received from the United States a patent therefor.   The land was not fenced, and was wild, unbroken and uncultivated prairie, and the possession by which the defendants succeeded in defeating the plaintiff's title was the cutting of hay and stacking it upon the land, and such other acts of dominion over it as it was susceptible of in its wild state.   For eighteen

82  529
85  576

82  529
102  135

82  529
105  552

years the plaintiff paid the taxes upon the land, and during all that time was a non-resident of the state, and did not visit the land, nor have any knowledge of any adverse claim thereto, nor of anyone being in possession thereof, until at the end of that time, when he immediately commenced an action to quiet his title thereto. *Held*, that the plaintiff was justified in the payment of the taxes on the land, and, that the evidence showed that such payment was made in good faith.

3. ———: ———: ———: EVIDENCE. The receipts held by the plaintiff for taxes paid by him from year to year upon the lands in question *held* to be sufficient proof of the amounts paid upon the lands of the respective defendants.

4. ———: ———: ———: LIEN. The present owners of the land having acquired title thereto with full knowledge of the facts relating to the payment of the taxes thereon by the plaintiff, *held*, that the plaintiff was entitled to have the taxes so paid established as a lien upon the land.

*Appeal from Palo Alto District Court.*—HON. LOT THOMAS, Judge.

THURSDAY, MAY 21, 1891.

THESE two actions involve the same questions, and, by agreement, they were tried together in the district court, and submitted as one case in this court, and they will be determined in one opinion.

The object of the actions is to recover for certain taxes paid by the plaintiff upon a half section of land in Palo Alto county, and to enforce the payment thereof, by the establishment of a lien upon the land. During the time that the taxes were paid by the plaintiff the defendants Tobin and Mulroney each owned, or claimed to own, one hundred and sixty acres of the land. The causes were fully tried upon their merits, and there were decrees entered against Tobin and Mulroney for the taxes paid on their respective quarter sections, but the court refused to charge the amount of the taxes as liens upon the land, and dismissed the petition as to the grantees holding under Tobin and Mulroney. Both the plaintiff and the defendants appeal.—*Reversed upon plaintiff's appeal; upon defendants' appeal, affirmed.*

*Soper & Allen*, for plaintiff

*T. W. Harrison*, for defendants.

ROTHROCK, J.—I.    It appears from the record in the case that in the year 1863 the plaintiff received from the United States two patents, one for each of the quarter sections of land, the tax upon which is in controversy in these actions.    These patents were issued in pursuance of actual entries of the land made at the proper United States land-office, said entries having been made upon county land-warrants.    In 1859 the same land was selected and certified as swamp lands under the swamp-land act of congress, and conveyances were made by Palo Alto county to J. Stockdale, who in 1861 conveyed one quarter section to the defendant, Thomas Tobin, and in 1862 conveyed the other quarter section to the defendant Mulroney.    These parties claimed to own the land during the entire time when the taxes now in controversy were paid by the plaintiff. The plaintiff entered the land in entire good faith, and never authorized anyone to take possession of it, and during the whole time that he paid the taxes in controversy he believed that he was the undisputed owner of the land.    He was a non-resident of the state; did not at any time visit the land, and had no knowledge of any adverse claim thereto, nor of anyone claiming to be in possession thereof, until about the year 1883, when he immediately commenced actions in the United States circuit court against Tobin and one Shea, to whom Mulroney had conveyed the land, to quiet his title to the land as against the swamp-land claims under which said Tobin and Mulroney claimed the land. These suits were pending in said courts until January 24, 1887, when it was finally determined that the said Tobin and Mulroney had the better title, and that the plaintiff had no valid claim to the land.

1. ESTOPPEL: former adjudication: questions not in issue.

These actions to recover the taxes were commenced on January 3, 1889. On the twenty-eighth day of September, 1886, Tobin conveyed the quarter section claimed by him to one Loughlin, and on the ninth day of July, 1887, Loughlin conveyed the same land to Albert E. Harrison, and on the fifth day of November, 1887, he conveyed the land to T. W. Harrison. The other quarter section was conveyed by Shea to one Flynn, in the month of October, 1886, and by Flynn to said Albert E. Harrison, July 9, 1887, and by Albert E. Harrison to said T. W. Harrison, November 5, 1887.

There are several grounds upon which it is claimed, in behalf of the defendants, that the court erred in entering decrees against Tobin and Mulroney for the taxes. The first is the claim in behalf of the defendants that the question as to the taxes and the right to recover therefor was adjudicated in the actions brought by the plaintiff to quiet his title to the land. It appears from the records in the cases in the United States circuit court that the plaintiff pleaded the payment of the taxes on the land for a long series of years with the knowledge of Tobin and Mulroney, and without objections on their part, and that by reason thereof they ought to be estopped from setting up any claim of title to the land. It is stated in the petitions in those actions that the taxes so paid on each quarter section amounted to four hundred and fifty-eight dollars and seventy-three cents. But no claim was made for an accounting for said taxes. The payment thereof was pleaded merely by way of estoppel, and the evidence shows that at no time during the pendency of said actions, by pleadings, supplementary or otherwise, or in any other manner, was any claim made that the plaintiff should have his taxes refunded. Those actions were tried upon the claims of the respective parties to the title of the land, and nothing aside from that. In this state of the record, we are of the opinion that the plea of former adjudication is not well taken. *Bradley v. Cole*, 67 Iowa, 650. There is language to be found in the decisions to the effect that a judgment or decree is

an estoppel, not only as to every ground of claim or defense actually presented, but as to every other matter which the parties might have litigated and had decided, as incident to, or essentially connected with, the subject of litigation.   But this is true only when restricted to the demand or claim in controversy, and included in the issues joined in the former suit.    Where, in a decree in chancery, it appears affirmatively that the rights of the parties were adjusted upon a ground which, neither in its general nor special statement, includes the 'matter now in controversy, but which, on the contrary, excludes and leaves it open, the former decree is not an adjudication.    *Carl v. Knott*, 16 Iowa, 379.    It is true that in the case at bar the record in the actions in the United States circuit court, and the decisions and decrees therein, do not affirmatively exclude a claim for the taxes paid by the plaintiff.    But the statements of the pleadings, and the decisions and decrees, do as effectually exclude the idea that any adjudication was sought or effected by the said suits as if it had been stated in so many words in the decree that claims to recover for taxes paid were not adjudicated.

II. It is next claimed that the plaintiff cannot recover the taxes, because he never had any valid claim to the land, and, therefore, did not pay the taxes 2. Taxes: payment of on land of another: recovery. in good faith under claim of ownership, and that because the circuit court of the United States determined that the plaintiff's action to quiet title was barred by reason of the adverse possession of the defendants under claim of title for the ten years prescribed by the statute of limitation.

We do not think this position should be sustained. We think that the evidence shows beyond all controversy that the plaintiff paid the taxes in good faith, in the honest belief that he was the owner of the land.   Soon after he discovered that there was an adverse claim to the land he commenced his actions, and prosecuted them vigorously, not only until decrees were rendered against him, but until after his petitions for rehearing were overruled.   The land was not inclosed by fences.

It remained wild, unbroken and uncultivated prairie. The possession by which the defendants succeeded in defeating his title was the cutting of hay, and stacking it upon the land, and such other acts of dominion over it as it was susceptible of in its wild state. It was held that these acts constituted adverse possession, under the rule laid down in *Booth v. Small*, 25 Iowa, 177; *Clement v. Perry*, 34 Iowa, 564; *Forey v. Bigelow*, 56 Iowa, 381.

Much of the argument of defendants' counsel is devoted to the claim that the plaintiff should be charged with notice of the acts of possession, and that, therefore, his payment of taxes was not in good faith, and under an honest claim of ownership. It is to be remembered that the plaintiff was a non-resident of the state. He entered the land through an agent, and always supposed that he had the title. For the purposes of this action that was enough diligence to require that the defendants should reimburse him for the taxes paid. The case comes fully within the rule of the case of *Goodnow v. Moulton*, 51 Iowa, 555, and the long line of cases since determined by this court, and which need not be here cited. A non-resident of this state, who entered land in a regular way, and took what everyone would suppose was a valid title, ought to be held as justified in paying the taxes, without so much as examining records to ascertain whether the federal government, which is the source of all titles, had disposed of the land to another, or that some one was in possession thereof claiming title. It would be an outrage upon all equitable rights to deny the plaintiff reimbursement for his honest outlay of money, and allow the defendants to take the land discharged of all claims for taxes paid for eighteen years.

III. Some claim is made to the effect that the evidence does not show what amounts were actually paid upon the half section of land, and upon the respective quarter sections thereof. There is no merit in this claim. The tax receipts were introduced in evidence, and there is no difficulty in arriving

2. —: —: —: evidence.

at the proper amounts.   All that is required is an application of the first rules of arithmetic to determine the amount correctly, and, where each separate payment is ascertained, interest should be added thereto at the rate of six per cent. from the date of the payment.

IV.   The plaintiff appealed from the ruling of the court refusing to make the taxes a lien upon the land, as against the present owner.   The defendant Harrison acquired title with full knowledge of all the facts in connection with the payment of the taxes.   He was attorney for the defendants in the former action.   He has made no showing that he purchased the land from one who was an innocent purchaser for value, or that any of the intervening grantors were innocent purchasers.   It was incumbent on him to do so.   *Kitteridge v. Chapman,* 36 Iowa, 348 ; *Lillyman v. King,* 36 Iowa, 207 ; *Light v. West,* 42 Iowa, 138 ; *Davis v. Nolan,* 49 Iowa, 683 ; *Nolan v. Grant,* 53 Iowa, 392, and other cases in this court.   The district court should have entered a decree against all of the defendants, making the taxes a lien upon the land.

Upon the defendants' appeal the decree will be affirmed, and upon the plaintiff's appeal it will be REVERSED.

*4. —: —: —. lien.*